**Charles DYE, et al., Appellants,**

v.

**STATE of Alaska, Appellee.**

**No. 5599.**

Supreme Court of Alaska.

July 12, 1983.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and CUTLER, Superior Court Judge.

### ORDER

On further consideration of the petition for hearing and the briefs and oral argument of the parties,

IT IS ORDERED:

1. The order of January 3, 1983, granting this petition for hearing, is vacated as improvidently entered.

2. The petition for hearing is denied.

CUTLER, Superior Court Judge, and COMPTON, J., dissent for the reasons stated in the attached dissenting opinion.

CUTLER, Judge, joined by COMPTON, Justice, dissenting.

I respectfully dissent from the court's decision to dismiss the petition as improvidently granted. The court is ignoring an opportunity to guide trial courts in resolving an important fish and game search dilemma, a dilemma which was acknowledged when the petition for hearing was granted originally.

I believe the Court of Appeals erred when it said that no search was performed by state fish and game biologist Dunaway when he lowered himself without announcement or permission into the hold of appellant's vessel. *Dye v. State,* 650 P.2d 418, 422 (Alaska App.1982). Dunaway inspected the hold for the specific purpose of observing undersized crab and reporting them to enforcement officials after his suspicions had been aroused while performing his duties as a bologist on deck. *Id.* Such conduct is a search by any standards, even in an industry where heavy government regulation is expected.

I think this court should determine whether that search was lawful or unlawful and explain why, even if a remand to the trial court for determination of additional facts is necessary. The Court of Appeals opinion adds unneeded confusion to search and seizure law, and carries *Wamser v. State,* 600 P.2d 1359 (Alaska 1979) and *Nathanson v. State,* 554 P.2d 456 (Alaska 1976) too far.